# 9/28/21 First Amended Original Petition

EXHIBIT 9

Case 3:21-cv-02759-D   Document 1-11   Filed 11/05/21   Page 2 of 6   PageID 47

FILED
9/28/2021 12:09 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-03608-B

| | | |
|---|---|---|
| DEMARCUS WHITE | § § § | IN THE COUNTY COURT |
| Plaintiff, | § § | |
| VS | § § | AT LAW NO. 2 |
| GREAT PLAINS TRANSPORT, INC. AND DONALD EUGENE ROBERTS | § § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** DEMARCUS WHITE, an individual (hereinafter referred to as "Plaintiff"), complaining of GREAT PLAINS TRANSPORT, INC. and DONALD EUGENE ROBERTS and for cause of action would show the Court the following:

**1.    DISCOVERY CONTROL PLAN**

1..01    Pursuant to Texas Rule of Civil Procedure Rule 190.3, discovery under this cause is intended to be conducted under Level 2.

**2.    PARTIES**

2.01    Plaintiff DEMARCUS WHITE is an adult citizen of the State of Texas. The last three digits of Plaintiff's Social Security number are 938 and the last three digits of Plaintiff's driver's license are 761.

2.02    Defendant GREAT PLAINS TRANSPORT, INC. is a limited liability company incorporated under the laws of the North Dakota.  Upon information and belief, Defendant GREAT PLAINS TRANSPORT, INC.'s principal place of business is Mapleton, North Dakota.  It may be

served with process through its registered agent for service, ROBERT V. HOLLAND, 200 1ST AVENUE SE, MAPLETON, NORTH DAKOTA 58059-4058, or wherever he may be found.

2.03   Defendant DONALD EUGENE ROBERTS (hereinafter sometimes referred to as "Defendant ROBERTS") is an adult citizen of the State of North Dakota. He may be served with process by delivering Petition and Citation to him at the following address: 200 1ST AVENUE SE, MAPLETON, NORTH DAKOTA 58059-40587, or wherever he may be found.

3.   **JURISDICTION AND VENUE**

3.01   Venue is proper in Dallas County, Texas pursuant to §15.002 *et. seq.* of the ***Texas Civil Practices & Remedies Code***, in that the collision made the basis of this lawsuit occurred in Dallas County, Texas. Furthermore, this Court has jurisdiction over this lawsuit as the amounts sought herein are within the jurisdictional limits of this Court. While the amount of damages to be awarded will be a decision made by a jury of Plaintiff's peers, to comply with T.R.C.P. 47, as revised, Plaintiff states that he is seeking damages pursuant to Rule 47(c)(3).

4.   **FACTS**

4.01   This is a motor vehicle collision occurring on June 26, 2020.

4.02   The collision involved a passenger vehicle driven by Plaintiff and a commercial tractor-trailer driven by Defendant ROBERTS.

4.03   Plaintiff was driving his vehicle on Interstate 635 in Garland, Dallas County, Texas and Defendant ROBERTS was also driving on Interstate 635.

4.04   Suddenly and without warning, Defendant ROBERTS changed lanes and crashed into Plaintiff's vehicle, causing bodily injuries to Plaintiff.

4.05 At the time of the collision, Defendant ROBERTS was engaged in interstate commerce and driving his tractor-trailer under the authority of Defendant GREAT PLAINS TRANSPORT, INC.

## 5. CAUSES OF ACTION - NEGLIGENCE

5.01 Plaintiff herein incorporates, reasserts and realleges the allegations set forth above in paragraphs 1.01-4.05 by reference as if fully set forth herein below.

5.02 At the time and on the occasion in question, Defendant ROBERTS was negligent in the operation of his tractor-trailer in the following specific respects, among others:

    a. Changing lanes when it was unsafe to do so;

    b. Failing to yield to traffic;

    c. Failing to obtain or have the necessary knowledge, training and experience to safely operate a vehicle including, but not limited to, failing to know how to properly change lanes or failing to properly adjust or use his mirrors;

    d. Failing to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

    e. Failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. §383.111, including, but not limited to, failing to know how to properly change lanes and how to properly adjust or use his mirrors.

    f. Failing to have the required knowledge of vehicle operations in violation of 49 C.F.R. §383.111 including, but not limited to, failing to know how to properly change lanes, failing to properly manage space between vehicles, and failing to properly adjust or use mirrors so as to avoid colliding with a vehicle to the right;

    g. Failing to properly use his mirrors or have his mirrors properly adjusted in order to see vehicles to the right of his tractor-trailer unit;

    h. Driving his tractor-trailer in an unsafe manner; and

    i. Failing to use reasonable care in the operation of his tractor-trailer unit.

5.03   Such negligence on the part of Defendant ROBERTS was a proximate cause of Plaintiff's injuries and damages.

**6.   RESPONDEAT SUPERIOR**

6.01   Plaintiff herein incorporates, reasserts and realleges the allegations set forth above in paragraphs 1.01-5.03 by reference as if fully set forth herein below.

6.01   Upon information and belief, at the time of the collision made the basis of this lawsuit, Defendant ROBERTS was operating a commercial motor vehicle in the course and scope of his employment with Defendant GREAT PLAINS TRANSPORT, INC.

6.03   Alternatively, Defendant ROBERTS was a statutory employee of Defendant GREAT PLAINS TRANSPORT, INC. pursuant to 49 C.F.R. §390.5.

6.04   Accordingly, Plaintiff alleges that Defendant GREAT PLAINS TRANSPORT, INC. is liable, under the theory of *respondeat superior*, for the damages caused by Defendant ROBERTS.

**7.   DAMAGES**

7.01   As a proximate cause of the negligence of Defendants, Plaintiff is entitled to recover at the following damages:

    a.   Physical pain and suffering in the past;

    b.   Physical pain and suffering, which in all reasonable probability, will be suffered in the future;

    c.   Mental anguish in the past;

    d.   Mental anguish, which in all reasonable probability, will be suffered in the future;

    e.   Physical impairment in the past;

    f.   Physical impairment, which in all reasonable probability, will be suffered in the future;

    g.   Past necessary and reasonable medical expenses;

  h.  Future necessary and reasonable medical which in all probability, will be incurred; and

  i.  Property damage.

## 8. INTEREST

8.01 Plaintiff further pleads that he is entitled to pre-judgment interest and post-judgment interest at the highest rate allowed by law.

## 9. JURY DEMAND

9.09 Plaintiff requests a jury trial.

## 10. PRAYER

10.01 WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon hearing and trial, that judgment be entered in her favor and against Defendants, jointly and severally, for compensatory damages, court costs, pre- and post-judgment interest as allowed by law, and for such other and further relief, where at law or in equity, to which he may be entitled.

            Respectfully submitted,

            */s/ Robert M. Kisselburgh*
            ROBERT M. KISSELBURGH
            Texas Bar No. 11538750
            Email:  Robert@AndersonInjuryLaw.com
            **ANDERSON INJURY LAWYERS**
            1310 W. El Paso Street
            Fort Worth, Texas 76102
            Telephone:  (817) 294-1900
            Facsimile:  (817) 294-3113
            **ATTORNEY FOR PLAINTIFF**